408 A.2d 1143

COMMONWEALTH of Pennsylvania

v.

William G. MAYES, Appellant.

Superior Court of Pennsylvania.

Argued July 10, 1979.

Filed Aug. 17, 1979.

Edward J. O'Halloran, Philadelphia, for appellant.

Nancy Wasser, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

PER CURIAM:

Appellant was charged with murder and possessing an instrument of crime. He was tried nonjury and convicted of first degree murder and related offense. His post-verdict motions were denied and he was sentenced to life imprisonment on the conviction for first degree murder. Sentence was suspended on the weapons charge. Appellant's direct appeal from the judgment of sentence is now before the Court.

Appellant raises two issues on appeal. He contends that the Commonwealth failed to prove beyond a reasonable doubt that he was not acting in self-defense when he fatally shot the deceased, and that the verdict of murder in the first degree was contrary to the evidence and should have been voluntary manslaughter since the appellant, out of fear, believed that he was justified in killing the deceased, although his belief was unfounded. Both of these assertions of error, in essence, challenged the sufficiency of the evidence to support these convictions.

At the time of the slaying, appellant was living with one Dorothy Terry. Green, the deceased, had lived with Terry at an earlier time but that relationship had been interrupted when Green was incarcerated for a period of time at Graterford. Upon his return from Graterford, Green visited the apartment of Terry to pick up some clothing and learned of the then existing arrangement between Terry and appellant. An argument occurred during which Green threatened Terry and appellant. Green and Terry thereafter left to go to a tavern. Appellant left shortly thereafter to do some mar-

* Justice ROBERT N. C. NIX, Jr. of the Supreme Court of Pennsylvania and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

keting. When appellant subsequently returned to the apartment, he heard Green and Terry arguing in the bedroom. He obtained his gun from the kitchen and entered the bedroom. Green again threatened Terry and appellant. Green then moved his hand toward his pocket and, although appellant at no time saw Green with a weapon, fired six shots at Green. He then obtained more ammunition from a bedroom closet, reloaded the weapon and shot Green six more times. Green died from the combined effect of the 12 gunshot wounds, six of which were consistent with having been inflicted while Green was lying on the floor.

The foregoing recital of the facts is sufficient basis for concluding that the trial judge was justified in finding that appellant was not acting in self-defense throughout this incident. The trial Court was further justified in finding that appellant had the specific intent to kill and that that intent was not based upon any justifiable fear for his own safety, reasonable or unreasonable. We have reviewed the record in this case and are in agreement with the conclusions expressed in the Opinion of the Court below that appellant's "conviction of murder in the first degree is warranted by the evidence."

Judgment of sentence affirmed.